## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**STEIN & NIEPORENT LLP**
David Stein (DS 2119)
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant

| | |
|---|---|
| Eugene Duncan and on behalf of all other persons similarly situated, | |
| Plaintiffs, | DOCKET NO. 21-cv-3983 (MKB) (LB) |
| - vs. – | |
| Hai Trim, Inc., | **ANSWER** |
| Defendant. | |

Defendant Hai Trim, Inc., by and through its undersigned attorneys, answers the complaint of plaintiff Eugene Duncan as follows:

### INTRODUCTION

1.     This paragraph contains no allegations which need be admitted or denied. To the extent a response is required, defendant admits that plaintiff purports to assert the following claims but denies that the claims have merit.

2.     Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

3.     This paragraph contains no allegations which need be admitted or denied; the letter in question speaks for itself. To the extent that it purports to

assert legal arguments, defendant denies their validity.

4. This paragraph contains no allegations which need be admitted or denied.

5. Defendant admits that plaintiff brings the case on the described grounds, but denies that those grounds are accurate or that the case has any merit.

6. Defendant admits that plaintiff seeks the specified relief, but denies plaintiff's entitlement to it. The remaining allegations of this paragraph are denied.

7. Denied.

8. This paragraph contains no allegations which need be admitted or denied. To the extent that it raises any allegations about defendant, those allegations are denied.

9. This paragraph contains no allegations which need be admitted or denied.

## JURISDICTION AND VENUE

10. Admitted.

11. This paragraph contains legal argument rather than factual allegations which need be admitted or denied.

12. Denied.

13. Denied.

14. Denied.

15. Admitted.

## THE PARTIES

16. Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore

denies same.

17.     Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

18.     Admitted that defendant is a New York corporation and has an office at the specified address.  The remaining allegations of this paragraph are denied.

19.     Denied.

20.     Denied.

**<u>NATURE OF ACTION</u>**

21.     This paragraph contains no allegations about defendant that need be admitted or denied.

22.     Admitted that some visually impaired people utilize screen reading software to access websites.  The remaining allegations of this paragraph are denied.

23.     Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

24.     Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

25.     Admitted that an organization called the World Wide Web Consortium has published Web Content Accessibility Guidelines.   Denied that these guidelines are universally followed, or that any law or regulation requires

that such guidelines be followed.

26.    Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

## STATEMENT OF FACTS

27.    Denied.

28.    Denied.

29.    Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

30.    Denied.

31.    Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same, but defendant expressly denies that it has any visually impaired customers.

32.    Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same, but defendant expressly denies that it has any obligations with respect to the website..

33.    Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

34.    Denied.

35.    Denied.

36.    This paragraph constitutes a hypothetical rather than a factual allegation, and therefore need not be admitted or denied. To the extent a response is required, defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

37.    Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

38.    Denied.

39.    Denied.

40.    Admitted that plaintiff has accurately, if partially, quoted a statute.

41.    Admitted that plaintiff seeks the described relief; denied that it is entitled to said relief from defendant.

42.    Denied.

43.    Denied.

44.    Denied.

45.    Denied.

46.    Defendant is without knowledge or information sufficient to form an opinion as to the truth of the allegations of this paragraph, and therefore denies same.

## CLASS ACTION ALLEGATIONS

47.    Admitted that plaintiff seeks to certify such a class. Denied that plaintiff is

entitled to do so.

48. Admitted that plaintiff seeks to certify such a subclass. Denied that plaintiff is entitled to do so.

49. Admitted that plaintiff seeks to certify such a subclass. Denied that plaintiff is entitled to do so.

50. Admitted that the first two of the cited questions are common; denied that the remaining ones are.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

## **FIRST CAUSE OF ACTION**
**(VIOLATIONS OF THE ADA, 42 U.S.C. § 12181 *et seq*.)**

55. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-54 as if fully set forth herein.

56. Admitted.

57. Denied.

58. Admitted that this is generally an accurate summary of the law.

59. Admitted that this is generally an accurate summary of the law.

60. Admitted.

61. Denied.

62. Admitted that plaintiff requests the specified relief; denied that plaintiff is entitled to it.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF THE NYSHRL)

63.     Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-62 as if fully set forth herein.

64.     Admitted.

65.     Denied.

66.     Denied.

67.     Denied.

68.     This paragraph calls for a legal conclusion, rather than states facts which need be admitted or denied.

69.     This paragraph calls for a legal conclusion, rather than states facts which need be admitted or denied.

70.     Defendant denies that it operates an inaccessible website.  Defendant is without knowledge or information sufficient to form an opinion as to the truth of the remaining allegations of this paragraph, and therefore denies same.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Admitted that plaintiff requests the specified relief; denied that plaintiff is entitled to it.

## THIRD CAUSE OF ACTION
### (VIOLATIONS OF THE NYCHRL)

78. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-77 as if fully set forth herein.

79. Admitted.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Admitted that plaintiff requests the specified relief; denied that plaintiff is entitled to it.

## FOURTH CAUSE OF ACTION
### (DECLARATORY RELIEF)

91. Defendant repeats, reiterates, and incorporates by reference its responses to all allegations in all preceding paragraphs 1-90 as if fully set forth herein.

92. Admitted.

93. Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff lacks standing to bring these claims.

2. Plaintiff's allegations fail to state a claim upon which relief may be granted.

3. Plaintiff's claims are moot.

4. Plaintiff's claims are barred by the doctrine of unclean hands.

5. The court should not exercise supplemental jurisdiction over the non-federal claims in this suit.

6. The relief requested by plaintiff would not be readily achievable.

7. Plaintiff was not a bona fide customer of defendant.

8. Plaintiff is barred from recovery by reason of the fact that plaintiff has not sustained any damages whatsoever resulting from the actions or inactions of defendant.

9. Part or all of plaintiff's damages — if any — are the result of plaintiff's failure to mitigate damages.

10. Plaintiff is not entitled to statutory or punitive damages or fines.

11. Plaintiff is unable to satisfy the criteria for maintaining a class action. The potential class and subclasses are not numerous or ascertainable. The questions of law or fact are not common to the potential class or subclasses. The claims of the plaintiff are not typical of the claims of the potential class or subclasses. The interests of the potential class and subclasses will not be fairly and adequately represented. Individual issues predominate over common issues.

12. In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all other additional affirmative and other

defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

Wherefore, defendant respectfully demands judgment against plaintiff dismissing all counts of the Amended complaint, and awarding attorneys' fees, costs and disbursements, and such other, further, and different relief as the Court may deem just and proper.


Dated: September 17, 2021

_____
David Stein
STEIN & NIEPORENT LLP
1441 Broadway, Suite 6090
New York, New York 10018
(212) 308-3444

Attorneys for Defendant